UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ORIGINAL

Civil File No. 01-1741 ADM/AJB

Robert P. Liska, George St. Germain, Mark Kerswell, Tamara Laska, Caroline Larsen, Shirley Muelken, William Pearson, Don Seaquist, Howard Kern, in their capacity as Trustees of the United Food & Commercial Workers Union Local #789 and St. Paul Food Employers Heath Care Plan; Robert P. Liska, David Gerdes, Mark Kerswell, William Pearson, Jennifer Swanson, Don Seaquist, Tamara Laska, Tom Oswald, in their capacity as Trustees of the United Food & Commercial Workers Union Local #789 and St. Paul Food Employers Defined Contribution Plan;

Plaintiffs,

vs.

Steve Applebaum; Fran M., Inc. d/b/a Steve's Super Valu,

Defendants.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR DEFAULT JUDGMENT**

This matter was heard before the undersigned on the 26th day of November, 2001. Kathleen M. Brennan of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on September 20, 2001, seeking a judgment for the amounts discovered to be due pursuant to an audit of Defendants' records.

FILED 11-27-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 11-27-01
DEPUTY CLERK ________

2. Defendants were served with a Summons and Complaint in this matter on September 21, 2001.

3. Defendant have failed to file and serve an answer to the Summons and Complaint.

4. Plaintiffs are Trustees of the United Food & Commercial Workers Union Local #789 and St. Paul Food Employers Heath Care Plan (the "Health Care Fund") and the United Food & Commercial Workers Union Local #789 and St. Paul Food Employers Defined Contribution Plan (the "Defined Contribution Fund") (collectively, the "Funds"). The Funds are employee benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. §186(c)(5)). The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended (29 U.S.C. § 1001, et seq.) ("ERISA"), and is exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c)(9).

5. Defendant Steve Applebaum is an individual residing, upon information and belief, in the state of Minnesota. Mr. Applebaum signed a Letter of Understanding dated August 7, 1999 with the United Food & Commercial Workers Union Local #789 in which he agreed to the general Collective Bargaining Agreement with that union.

6. The Plaintiffs conducted an audit of Defendant's payroll records for the period of April 2001 through August 2001.

7. Pursuant to the audits, Plaintiffs discovered that contributions are owing from Defendants totaling $ 14,512.05, which includes one check from Defendants returned for

insufficient funds ($4,864.84 to the Health Care Fund). Defendants also were delinquent in remitting contributions for work performed in September and the first week of October 2001, in the amount of $ 10,305.41, based on the Defendants' prior work and payment records. The total amount of base contributions that Defendants owe to Plaintiffs for the period April 2001 through the first week of October 2001 is $24,817.46.

8. The Trust Agreements require that Defendants pay liquidated damages of 10% of delinquent contributions discovered from the audit and arising from late monthly contributions. The amount of liquidated damages in the present case is $2,481.75.

9. The Trust Agreements also provide that Plaintiffs are entitled to their reasonable attorney's fees and costs of this action.

10. The fair and reasonable value of attorney's fees incurred by the Plaintiffs in this action is $2,225.00.

11. The total costs and disbursements incurred by the Plaintiffs in this action are $134.38.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to Default Judgment.

2. Defendants owe $24,817.46 in contributions.

3. Defendant owes $2,481.75 in liquidated damages.

4. Defendant owes attorney's fees and costs in the total amount of $2,359.38.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' Motion for Default Judgment is granted.

2. That Plaintiff's shall collectively have judgment joint and several, against Defendants for $29,658.59.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 26, 2001

BY THE COURT:

JUDGE ANN D. MONTGOMERY
United States District Court